UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy A. Carl,                                            Civil Case No. 1:11-CV-94

    Plaintiff,                                            Hon. Robert J. Jonker

v.

Muskegon County, et al.,

    Defendants.
_____

### BRIEF IN SUPPORT OF MOTION FOR RULE 16 SANCTIONS AND OTHER RELIEF (ORAL ARGUMENT REQUESTED)

Plaintiff Timothy Carl respectfully submits this brief in support of his motion for Rule 16 sanctions against Muskegon County and other relief.

### Introduction

Rule 16(f) provides that on motion or on its own, the Court may issue any just orders if a party or its attorney fails to obey a scheduling order. Such relief is necessary here due to the County cancelling two depositions shortly before the extended discovery deadline.

### Factual and Procedural Background

The Court's Case Management Order provided for a discovery deadline of December 31, 2011.

In November 2011, in response to repeated requests from plaintiff's counsel dating back to September, the County identified former County employee Deputy Wilks and current County employee Deputy Port as likely witnesses for the County. The depositions of Deputies Wilks and Port promptly were noticed and calendared for December, using dates coordinated and cleared in advance with all counsel of record.

The deposition of former County employee, Jail Nurse Yonker, also was noticed and calendared for December, also using a date coordinated and cleared in advance with all counsel.[1]

The County's counsel agreed to produce Deputy Port and Nurse Yonker without subpoena. The County did not agree to produce Deputy Wilks for deposition, so he was served with a subpoena for deposition using an available date offered by the County's counsel and cleared with all counsel.

Shortly before the scheduled depositions of Deputy Port, Deputy Wilks, and Nurse Yonker in December, the County's counsel cancelled all the depositions, citing urgent scheduling conflicts. Because there was insufficient time to coordinate with all counsel of record and reschedule the depositions before the December 31 discovery deadline, counsel submitted a joint request for a Rule 16 status conference for the purpose of extending the discovery deadline. The Court set a Rule 16 status conference for January 12, 2012.

At the Rule 16 status conference on January 12, the Court agreed to extend discovery for limited purposes, including completion of the depositions that had been calendared before the original discovery deadline but cancelled by the County. The Court set a deadline of February 29 for completion of the depositions. Toward the conclusion of the Rule 16 status conference, the Court stated the expected standard for cooperation and civility in the Western District.

Following the Rule 16 status conference on January 12, plaintiff's counsel requested, multiple times (by emails and telephone calls) over the next nearly three weeks to obtain available dates from the County's counsel as to when the County's counsel could produce

---

[1] It should be noted that plaintiff's counsel earlier had intended to simply obtain an affidavit from Nurse Yonker in lieu of the time and expense of a deposition. However, in November, before an affidavit was provided, counsel for the County asserted that the County's counsel was now representing Mr. Yonker and that plaintiff's counsel was not to communicate with this former employee of the County except through counsel for the County. Accordingly, plaintiff's counsel scheduled Mr. Yonker's deposition. Plaintiff's counsel is troubled by the likelihood that the claim that the County's counsel represented Nurse Yonker was made only to inhibit plaintiff's access to this former employee of the County and not because of the existence of any valid attorney-client relationship.

Deputy Port and Nurse Yonker for deposition, and an available date for Deputy Wilk's deposition. When dates finally were provided, plaintiff's counsel immediately attempted to coordinate the dates among other counsel and noticed and calendared the depositions. Plaintiff's counsel noticed and calendared the depositions of Deputy Wilks and Deputy Port for February 23. Plaintiff's counsel noticed and calendared the deposition of Nurse Yonker for February 27. Notices of deposition and a cover letter confirming the dates were sent to all counsel on January 30 by email and first class mail.

After appearing at County counsel's office for the deposition of Deputy Port on Thursday, February 23, the County's counsel stated that the County would not be producing Deputy Port for deposition as scheduled because she was busy working at the Jail.[2]

In the afternoon on the next day, Friday, February 24, which was less than half a business day before the scheduled deposition of Nurse Yonker on Monday morning, the County's counsel notified plaintiff's counsel by email that Nurse Yonker would not be produced for deposition Monday. The County's counsel suggested a further discovery extension, but stated that Nurse Yonker would not be available from March 5-22 and March 25 to April 16. Of course, with the extended discovery deadline of February 29, there is insufficient time to notice, much less coordinate, the deposition with all counsel before the existing deadline.

**Argument**

The conduct at issue does not meet the expected standard for cooperation among counsel expressed by the Court at the January 12 Rule 16 conference. The Court was clear at the January 12 Rule 16 conference that the parties were to complete the remaining depositions by February

---

[2] Earlier in the day, Deputy Wilks also failed to appear for his deposition, but as noted above, the County had not agreed to produce him and, accordingly, he had been served with a subpoena. A copy of the subpoena and return of service are attached. Plaintiff respectfully requests this Court issue a Rule to Show Cause as to why Mr. Wilks should not be held in contempt for failure to appear for his deposition as subpoenaed.

3

29. There is no good reason why this could not have and should not have happened. The failure to comply with the Case Management Order only means added expense to plaintiff in having to bring this matter before the Court for yet another extension of the deadline to permit, once again, the completion of the same depositions that were the reason the Court extended discovery in the first place. *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir., 2002 ("This principle [that disobedience of court orders constitutes "extreme misconduct"] applies with undiminished force to scheduling orders. To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process—and a party's disregard of such orders robs them of their utility. For that reason, litigants have an unflagging duty to comply with clearly communicated case-management orders.") (internal quotation and citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 984 F.2d 1482, 1486 (5th Cir., 1990) ("Regardless of [plaintiff's] intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.")

## Conclusion

For the foregoing reasons, plaintiff respectfully requests an order (1) imposing sanctions, including expenses and attorneys' fees as required by Rule 16(f)(2), against Muskegon County for failing to comply with the Court's Case Management Order, (2) compelling the County to produce the witnesses for deposition, and (3) granting such further relief in favor of plaintiff that this Court deems equitable and just.

Dated:  February 27, 2012            Respectfully Submitted,

/s/  Bradford W. Springer            .
Scholten Fant, P.C.
Attorney for plaintiff Timothy Carl
100 N. Third Street; P.O. Box 454
Grand Haven, MI  49417
Telephone: 616/842-3030
bspringer@scholtenfant.com