UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY A. CARL,

    Plaintiff,

vs.

MUSKEGON COUNTY;
MARK BURNS;
TODD GILCHRIST;
THERESA JONES-BURTON;
BRIAN BONSTELL;
CHRISTY BOWEN;
STEVE WEINERT;
KATHERINE JAWOR;
CORRECTIONS OFFICER DARRYL HAIRSTON;
CORRECTIONS OFFICER J. CERKA;
CORRECTIONS OFFICER R. TOPP;
CORRECTIONS OFFICER S. SMITH;
DEAN ROESLER, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS THE SHERIFF OF
MUSKEGON COUNTY AND THE MUSKEGON
COUNTY JAIL; AND COMMUNITY MENTAL
HEALTH SERVICES OF MUSKEGON COUNTY,
A DEPARTMENT OF THE COUNTY OF MUSKEGON,

    Defendants.

Civil Case No. 1:11-cv-94

Honorable Robert J. Jonker
U.S. District Judge

_____

Bradford W. Springer (P67201)
Scholten Fant, PC
Attorney for Plaintiff
100 N. Third Street, P.O. Box 454
Grand Haven, MI 49417-0454
(616) 842-3030
bspringer@scholtenfant.com

Douglas P. Vanden Berge (P42112)
Mark E. Fatum (P39292)
Rhoades McKee PC
Attorneys for Defendant Dr. Jawor
161 Ottawa Avenue, N.W., Suite 600
Grand Rapids, MI 49503
(616) 235-3500

Theodore N. Williams, Jr. (P32291)
Douglas M. Hughes (P30958)
Eric C. Grimm (P58990)
Williams Hughes, PLLC
Attorneys for Defendants Muskegon County,
Burns, Gilchrist, Jones-Burton, Bonstell,
Bowen, Hairston, Cerka, Topp, Smith
and Roesler
120 W. Apple Avenue, P.O. Box 599
Muskegon, MI 49443-0599
(231) 726-4857
tedwilliams@whcspc.com
egrimm@whcspc.com

Allan C. Vander Laan (P33893)
Andrew J. Brege (P71474)
Cummings, McClorey, Davis &Acho, PLC
Attorneys for Defendant Weinert and
Community Mental Health Services of
Muskegon County
2851 Charlevoix Drive, S.E., Suite 327
Grand Rapids, MI 49456
(616) 975-7470
avanderlaan@cmda-law.com
abrege@cmda-law.com

## MUSKEGON COUNTY DEFENDANT'S BRIEF IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR RULE 16 SANCTIONS

### INTRODUCTION

The basis of the Plaintiff's Motion is the cancellation and rescheduling of two depositions among the many that have been taken in this case. The cancellations were inadvertent and at no cost to the Plaintiff. Moreover, of the two depositions at issue, the deposition of Officer Port has been taken and the deposition of Nurse William Yonker has been scheduled.

### FACTUAL BACKGROUND

There is no dispute that this case has presented scheduling challenges not only for these County Defendants, but for all of the parties. These County Defendants carry the additional burden of doing so as to not affect the security of the Muskegon County Jail. This is especially true in the case of Officer Port. Deposition dates were scheduled initially in December as follows:

1. William Yonker – December 16, 2011

2. Officer Port – December 27, 2011

It should be noted that William Yonker was formerly the Jail nurse and is now retired. The fact that he is retired and travels extensively adds a layer of complication to the scheduling in this case, that the defense counsel cannot control.

Plaintiff's attorney was notified by e-mail on Friday, December 9, 2011, that Officer Port would not be available for her December 28, 2011 deposition.  Please see the attached e-mail, identified as Exhibit 1.

The defense counsel, who had maintained contact with Nurse Yonker, underwent serious surgery on December 1, 2011, and because of complications, was on a medical leave for the entire month of December.  This fact also added to scheduling issues.

At the same time, defense counsel, despite the repeated efforts of others in his office, could not confirm when Nurse Yonker would be available for the taking of his deposition.  The deposition of Nurse Yonker was scheduled for December 16, 2012.  It was cancelled, but the deposition of another witness, Sgt. Woods, was taken in its place.

Nurse Yonker's deposition was rescheduled for Monday, February 27, 2012. Defense counsel was contacted by Nurse Yonker on Friday, February 24, 2012, advising that he could not attend the scheduled deposition. Defense counsel immediately advised Plaintiff's counsel by e-mail of this development.  The deposition of Nurse Yonker has now been rescheduled for March 23, 2012, and that date has been confirmed with the witness.

As to the deposition of Officer Port, as mentioned above, it was scheduled for Thursday, February 23, 2012.  The date of the deposition, however, was not passed on to her by the Jail Administration.  On February 23, 2012, defense counsel attempted to produce Officer Port, without notice, for the scheduled deposition.  He was advised through her shift commander, that the Jail was already short staffed due to illness, vacations, and injuries to other personnel.

Further, that to release her at that time would pose a security issue for the Jail.  It was on that basis that the decision was made by defense counsel not to have her appear at the deposition.  At any rate, however, that deposition was rescheduled and taken on February 29, 2012.

## ARGUMENT

Under Rule 16(f)(C), a Court may enter any just order if the party:  "(C) fails to obey a Scheduling Order or any other Pretrial Order."  In this case, Plaintiff's counsel complains of scheduling frustrations.  He, however, has no appreciation of the many hours devoted to the scheduling of the many depositions that have been taken, in addition to those that have been cancelled.  As to the two depositions at issues, the deposition of Officer Port has been taken and the deposition of Nurse Yonker has been rescheduled.  What Plaintiff's counsel fails to appreciate is that despite the good faith efforts of all, discovery scheduling problems can arise.  The probability of scheduling problems is increased exponentially when it involves multiple defendants represented by multiple counsel.  That issue is further complicated when, as here, many of the witnesses have security responsibilities.  Quite frankly, there is nothing more that defense counsel could have done with regard to Nurse Yonker other than to physically restrain him and bring him to the deposition.  Nothing more that could have been done with Officer Port other than to demand, on the date that her deposition was scheduled, that she abandon her security post at the Muskegon County Jail.  When viewed in the light of reality, both alternatives are unreasonable.

The fact is that there was nothing that defense counsel could do.  Further, it is grudgingly accepted that the ability to control a witness, particularly one who is retired, is limited.  A close reading of Rule 16(f) supports the view that its application was intended for intentional behavior on the part of a party or attorney.

A review of the case law in this case makes it clear that the analysis and application of this Rule is done on a case by case basis and is within the sound discretion of the Court.  No bright line can be found for its application.

## PRAYER FOR RELIEF

It is respectfully submitted that despite the scheduling difficulties, there has been no prejudice to the Plaintiff to warrant the imposition of sanctions.

Dated:  March 9, 2012                              WILLIAMS HUGHES, PLLC


By:  /s/ Theodore N. Williams, Jr.
    Theodore N. Williams, Jr. (P32291)
    Attorney for Defendants Muskegon County
    Burns, Gilchrist, Jones-Burton, Bonstell,
    Bowen, Hairston, Cerka, Topp, Smith
    and Roesler
Business Address:
    120 W. Apple Avenue, P.O. Box 599
    Muskegon, Michigan 49443-0599
Telephone:  (231) 726-4857