UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY A. CARL,

        Plaintiff,

Case No. 1:11-cv-94

Hon. Robert J. Jonker

vs.

MUSKEGON, COUNTY OF, *et al.*,

        Defendants.

                                        /

**ORDER**

This matter is now before the court on plaintiff's motions to compel filed against defendant Jawor, defendant Weinert and the County defendants (docket nos. 266, 268 and 270). In docket no. 266, plaintiff seeks to compel defendant Jawor to comply with two requests for production (nos. 7 and 29), to provide complete answers to two interrogatories (nos. 1 and 3), to supplement her expert disclosures relating to Dr. Sanders and to limit the number of her expert witnesses. In docket no. 268, plaintiff seeks to compel defendant Weinert to comply with two requests for production (nos. 8 and 53), to provide complete answers to two interrogatories (nos. 1 and 3) and to limit the number of his expert witnesses. In docket no. 270, plaintiff seeks to compel the County defendants to comply with two requests for production (nos. 8 and 67), to provide complete answers to two interrogatories (nos. 1 and 3) and to limit the number of their expert witnesses. In addition, plaintiff seeks fees and costs associated with bringing these motions.

As reflected in the court record, the issues related to the requests for production and interrogatories were resolved during the motion hearing. *See* Minutes of Motion Hearing (docket

no. 296).[1]  The court also addressed plaintiff's concerns regarding supplemental expert witness disclosures and defendants' numerous expert witnesses by referring the parties to Fed. R. Civ. P. 26(a)(2) (Disclosure of Expert Testimony).  *Id.*  Finally, the court denied plaintiff's request for fees and expenses associated with the motions.  *Id.*

One issue merits some amplification.  At the time of the motion hearing, plaintiff's counsel pointed out that each defendant had identified approximately 30 expert witnesses, many of whom had treated plaintiff.  Plaintiff's counsel expressed a concern that defendants would obtain opinions from plaintiff's treating healthcare providers which were outside of the scope of their treatment.  During the hearing, the court discussed the duties of the parties to disclose expert witness testimony pursuant to Fed. R. Civ. P. 26(a)(2), including the duty to disclose opinions of plaintiff's treating healthcare providers that went beyond the scope of the treatment provided to plaintiff.  The court appreciates the challenges raised by the number of expert witnesses who could potentially testify at trial in this matter.  As the parties are aware, the final pretrial conference and trial have been adjourned without date.  *See* Order (docket no. 295).

At the time the court heard these motions, defendants' motions for summary judgment were pending before the court.  *See* Motions (docket nos. 165, 168, 171, 174, 177, 180, 183, 186, 190, 194, 198, 206, 208, 210).  In subsequent status conferences, counsel recognized that the court's ruling on these motions would likely narrow the legal issues and reduce the number of expert witnesses.  Since that time, the court has ruled on those motions, narrowed the legal issues for trial and dismissed defendants Jawor and Weinert.  *See* Order approving and adopting reports and recommendations (docket no. 323).  Now that the court has ruled on these motions, the County

---

[1] The court notes that the motion was digitally recorded but has not been transcribed.

defendants are directed to supplement their expert witness disclosures within 14 days after entry of this order.  Accordingly,

**IT IS ORDERED** that plaintiff's motions to compel (docket nos. 266, 268 and 270) are **GRANTED** in part and **DENIED** in part as set forth on the record.

**IT IS FURTHER ORDERED** that the motions to compel against defendant Jawor (docket nos. 266) and defendant Weinert (docket no. 268) are **DENIED** as moot with respect to limiting their expert witnesses or supplementing their expert witness disclosures.

**IT IS FURTHER ORDERED** that the County defendants shall supplement their expert witness disclosures within 14 days after the entry of this order**.**


Dated:  March 29, 2013                               /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge