UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY A. CARL,

    Plaintiff,

v.

COUNTY OF MUSKEGON, *et al.*,

    Defendants.

_____/

CASE NO. 1:11-CV-94

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

    The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 366); Plaintiff's Objections to Report and Recommendation (ECF No. 367); and the parties' supplemental briefing (ECF No. 372; ECF No. 373; ECF No. 375; ECF No. 376). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge correctly concluded that summary judgment in favor of Defendant Jawor is appropriate.

The Report and Recommendation carefully and accurately details the factual record. The basic facts of Dr. Jawor's role are really beyond general dispute. How to characterize those facts is disputed, but that does not preclude summary judgment here. On this record, no reasonable fact-finder could conclude Dr. Jawor was deliberately indifferent to the Plaintiff's psychiatric needs, for the very reasons the Report and Recommendation describes. Nothing in Plaintiff's Objections and supplemental briefing changes the fundamental analysis.

In addition to the reasons the Report and Recommendation delineates, the Court finds persuasive the analysis of the Seventh Circuit in an analogous case, *Rice v. Correctional Medical Services, Inc.*, 675 F.3d 650, 687-88 (7th Cir. 2012). In *Rice,* the court found that a psychiatrist who evaluated Mr. Rice, a pre-trial detainee, to determine whether inpatient psychiatric hospitalization was warranted was not deliberately indifferent to his declining mental and physical condition. *Rice*, 675 F.3d at 687. The psychiatrist. Dr. Ceniceros, evaluated Mr. Rice in person on two separate occasions, finding in-patient hospitalization unwarranted each time, and denied a third request for inpatient hospitalization for Mr. Rice without conducting an in-person evaluation. *Id.* Dr. Ceniceros made these determinations even though other medical professionals more familiar with Mr. Rice's condition reported serious concerns. *Id.* Not long after Dr. Ceniceros denied inpatient hospitalization a third time, Mr. Rice died while in custody from conditions related to his schizophrenia. *Id.* at 654. The court noted that "on the occasions that Ceniceros observed Rice

firsthand, Rice behaved far differently than he did at the jail, which was what led Ceniceros to conclude that Rice was not in need of inpatient treatment and/or forced medication." *Id.* at 687. The court added that "even if Ceniceros is charged with [the other medical provider's greater firsthand] knowledge, the claim against Ceniceros is not strong enough to survive summary judgment." *Id.* Instead,

> given the non-psychotic behavior that Rice had displayed [when Ceniceros evaluated him], we do not believe that a reasonable factfinder could conclude that Ceniceros was deliberately indifferent as opposed to negligent (at worst) in discounting the possibility that Rice was so seriously mentally ill as to need inpatient care and forcible medication.

*Id.* at 688.

The same is true of Dr. Jawor and Mr. Carl.  Negligence – even gross negligence, as one of Plaintiff's experts describes Dr. Jawor's conduct – does not amount to deliberate indifference. *See Jones v. Muskegon County*, 625 F.3d 935, 947 (6th Cir. 2010) (noting that deliberate indifference is "a very high standard of culpability, exceeding gross negligence") (internal quotation marks omitted).  This case highlights the importance of carefully policing this line at summary judgment for any medical professional called into a jail for a civil commitment assessment.  A physician or psychologist in that position is truly between the rock and a hard place of having to balance what she observes in her own presence with what she is hearing from others; and then in short order making the call on whether to swear out a commitment affidavit or not. There is risk and uncertainty no matter what call is made in the pressure of that moment of decision, and only deliberate indifference can fairly subject such a professional to risk of constitutional liability.  Fortunately for all involved here, any mistaken judgment by Dr. Jawor here did not lead to Plaintiff's death, as in the *Rice* case.

For all of these reasons, the Court concludes the Report and Recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 366) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. Defendant Dr. Jawor's motion for partial summary judgment (ECF No. 208 and ECF No. 372) is **GRANTED** as to Count I (deliberate indifference).

2. Defendant Dr. Jawor's Motion to Supplement (ECF No. 362) is **DISMISSED AS MOOT**.

3. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

4. This case is **DISMISSED**.


Dated:      August 19, 2016              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE